UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL ROY ABRAM, | ) |
| Plaintiff, | ) ) ) ) ) |
| v. | ) Civil Action No. 23-cv-02678 (RC) ) |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff, Samuel Roy Abram, proceeding *pro se*, initiated this matter on September 12, 2023, by filing, *inter alia*, a Complaint ("Compl."), ECF No. 1, and an Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. Upon review, on October 3, 2023, the Court dismissed this matter without prejudice. *See* Memorandum & Order, ECF No. 5. More specifically, the dismissing Court found that Abram, a federal prisoner, had accumulated at least "three strikes," and was thus barred from proceeding IFP pursuant to 28 U.S.C. § 1915(g), and it further found that he had not met the "imminent danger" exception. *See id*. at 1–2 (collecting cases). Abram was notified that, if he still intended to proceed with this case, he must file a motion to reopen, and concomitantly submit the full filing fee. *See id*. at 3.

On October 23, 2023, Abram filed a Motion to Reopen, ECF No. 6, and a few days later, he submitted the full filing fee applicable to civil actions in this District, *see* Dkt. Entry, at Filing Fee Received (entered 10/26/23). Abram's Motion to Reopen was granted by Minute Order on October 30, 2023, and the matter was then assigned to this Court on the following day, *see* Dkt. Entry, at Case Assigned (entered 10/31/23). Consequently, this Court may now review the Complaint, and for the reasons explained below, it will be dismissed without prejudice.

1

As way of background, in November 2004, Abram was convicted in the United States District Court for the Northern District of Florida of three counts of armed bank robbery, two counts of use of a firearm during and in relation to a crime of violence, and one count of possession of a firearm by a convicted felon. *See United States v. Abram*, No. 04-cr-00090-LC-MD-1, 39 (N.D. Fla. Nov. 17, 2004), at Jury Verdict, ECF No. 39. In February 2005, Abram was sentenced to a total term of imprisonment of 648 months. *See id*. at Judgment, ECF No. 53.

In his Complaint, Abram alleges that Defendant, the United States, committed various crimes against him during the relevant criminal proceedings in the Northern District of Florida, also in violation of his due process rights. *See* Compl. at 2, 4. He contends that the prosecutor and the presiding judge, among others, conspired to issue and sell false securities that bonded that case, in Abram's name, with the purpose of defrauding him, *see id.* at 2–4, in violation of provisions of the Securities Exchange Act of 1934, *see id*. at 1–2, numerous federal criminal statutes, 18 U.S.C. §§ 1, 4, 101, 113, , 241, 513, 872, 911, 912, 1001, 1025, 1341, 1346, 1348, 1349, 1509, 1512, 1515, 1581, 1583, 1589, 1590, 1621, 1651, 1658, 1951, 1956, 1975, 2382, 2383, 2499, the Internal Revenue Code, 26 U.S.C. § 7201, and other miscellaneous authority, 28 U.S.C. § 2401, *see id.* at 4. He asserts that the securities at issue are held, under contract, by Fidelity Investments in the "Fidelity Advisors, Small Cap B Fund[,]" with "CUSIP# 315805689[,]" and in connection with that account, he asks this Court to order (1) "an equitable accounting[,]" (2) a "Disgorgement of ill-gotten profits[,]" (3) an "Equitable Recission of Contract[,]" and (4) a "recall" of the security "on deposit[.]" *See id.* at 2, 4.

Abram further represents that, due to this alleged breach of "fiduciary duty[,]" he is owed the profits of the underlying "commercial transaction[,]" *see id.* at 2–3, and he demands to be compensated $48 million dollars, *see id*. at 4. He also demands that this Court "order case no:

2

3:04-cr-00090-LC-MD-1 to be discharged, settled and closed." *Id.* Simply put, Abram faces hurdles here that he cannot overcome.

First, "[a] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981) (per curiam). Put differently, a court shall dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant Complaint falls squarely into this category. The Court finds no merit in Abram's overbroad and dubious conspiratorial allegations against the parties who brought about his conviction.[1]

---

[1] The Court notes that Abram has previously, on repeated occasions, unsuccessfully raised substantially similar allegations in cases filed in other federal jurisdictions. *See, e.g.*, *Abram v. Mnuchin*, No. 2018-cv-00752 (D. Md. filed Mar. 13, 2018), at Dismissal Order (entered June 8, 2018) (dismissing substantially similar claims for failure to state a claim), ECF No. 8; *Abram v. Fidelity Investments*, No. 2017-cv-12657 (D. Mass. filed Apr. 14, 2017), at Dismissal Order (entered Aug. 29, 2017) (dismissing substantially similar claims for want of subject matter jurisdiction and failure to state a claim), ECF No. 32; *Abram v. United States*, No. 16-cv-728 (M.D. Fla. filed Dec. 20, 2016), at Dismissal Order (entered Jan. 9, 2017) (dismissing substantially similar claims as frivolous), ECF No. 4; *Abram v. United States*, No. 2016-cv-00309, at Dismissal Order (entered June 14, 2016) (dismissing substantially similar claims for want of subject matter jurisdiction), ECF No. 8; *see also Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005) (A court may take "judicial notice of facts on the public record"); *Banks v. York*, 515 F. Supp. 2d 89, 109 (D.D.C. 2007) (A court may take judicial notice of the public docket and record).

Indeed, this Court cannot exercise subject matter jurisdiction over a frivolous complaint. *See Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality"). Moreover, Abram "offers only 'a laundry list of wrongful acts and conclusory allegations to support h[is] theory of a conspiracy,'" and such allegations are "'insufficient to allow the case to go forward.'" *Curran v. Holder*, 626 F. Supp. 2d 30, 34 (D.D.C. 2009) (quoting *Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 233 (D.D.C. 2007)); *see Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990) (per curiam) (holding that a *sua sponte* dismissal is appropriate for failure to state a claim).

The Court notes that, on November 16, 2023, Abram filed a First Notice ("Not. I"), ECF, along with a Second Notice ("Not."), ECF No. 2, both of which contain: "Notice[s] of Deed of Acknowledgement and Acceptance Without Consideration and Release[s] Without Consideration[,]" *see* Not. 1 at 2–4;[1] Not. 2 at 2–4; "Recission[s] of Signatures of Suretyship[,]" *see* Not. 1 at 5; Not. 2 at 5; "Declaration[s] Re Proper Name[,]" *see* Not. 1 at 6; Not. 2 at 6; "Notice[s] of Private Trust Arrangement[,]" *see* Not. 1 at 7; Not. 2 at 7; "Affidavit[s] of Exemption From Withholding[,]" *see* Not. 1 at 8–10; Not. 2 at 8–10; "Statement[s] of Interest[,]" *see* Not. 1 at 11–18; Not. 2 at 11–18; "Notice[s] of Interest[,]" *see* Not. 1 at 19–29; Not. 2 at 19–25; Not. 2 Attachment, ECF No. 8-1, at 1, and; "Affidavit[s] of Status of Samuel Roy Abram, American

---

[1] The Court references the ECF-generated pages in citing to Abram's Notices and its Attachments.

Freeman[,]" *see* Not. 1 Attachment, ECF No. 7-1, at 1–12; Not. 2 Attachment at 2–9. These Notices, and their attachments, were intended to supplement the Complaint. *See* Not. 1 at 1; Not. 2 at 1. However, these Notices only compound the frivolousness of Abram's claims because the attached documents are "associated with what is known as the sovereign citizen movement[,]" undermining any slight benefit of the doubt that Abram may been afforded. *See Abram v. United States*, No. 2017-cv-00781, 2017 WL 6106389, at *2 (N.D. Fla. Nov. 22, 2017) (dismissing Abram's substantially similar claims with prejudice as frivolous without leave to amend) (citing *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (Fed. Cl. 2011) (dismissing with prejudice and describing the sovereign citizen movement and noting that "[s]o-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings")), *R&R adopted*, 2017 WL 6096672 at *1 (N.D. Fla. Dec. 7, 2017).

Second, even if Abram's claims were plausible, which this Court does not concede, Abram still does not, and often, fundamentally cannot, bring a cause of action under any of the authority upon which he relies. There is simply no express private right to action under the criminal statutes cited in the Complaint. *See* Compl. at 4; *see also North v. Smarsh, Inc.*, 160 F. Supp. 3d 63, 77 (D.D.C. 2015) (citing *RJ Prod. Co. v. Nestle USA, Inc.*, No. 10–0584, 2010 WL 1506914, at *2 n.1 (D.D.C. Apr. 15, 2010) (holding that because criminal statutes under Chapter 18 of the United States Code "do not provide for private causes of action, they cannot be used to grant plaintiff access to federal courts")); *Peavey v. Holder*, 657 F. Supp. 2d 180, 190–91 (D.D.C. 2009) (stating that no private right of action exists to enforce the federal criminal code)), *aff'd*, No. 09–5389, 2010 WL 3155823 (D.C. Cir. Aug. 9, 2010); *Prunte v. Universal Music Group*, 484 F. Supp. 2d 32, 42 (D.D.C. 2007) ("[The] Supreme Court has refused to imply a private right of action in a

5

bare criminal statute.") (citation and internal quotation marks omitted); *Rockefeller v. U.S. Court of Appeals Office*, *for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (holding that federal criminal statutes do not convey a private right of action) (collecting cases).

Similarly, 26 U.S.C. § 7201, *see* Compl. at 4, "is a criminal provision of the Internal Revenue Code that prescribes penalties for attempting to evade or defeat taxes[,]" *El v. Wells Fargo Bank*, No. 19-cv-02538, 2020 WL 1941322, at *3 (W.D. Tenn. Mar. 12, 2020), *R&R adopted*, 2020 WL 1686252, (W.D. Tenn. Apr. 7, 2020). "Under 26 United States Code Section 7401, '[n]o civil action for the recovery of taxes, or of any fine, penalty, or forfeiture shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced[,]'" *id.* (quoting 26 U.S.C. § 7201), and it does not provide a private right of action, *see id.* (citing *Woermer v. Hirsh*, No. 18-cv-01898, 2018 WL 7572237, at *4 (D. Conn. Dec. 11, 2018) ("This statute does not create a private right of action. Thus, any claims brought under § 7201 must be 'dismissed for failure to state a claim upon which relief may be granted because there is no private right of action to recover taxes on behalf of the government.'"); *Payn v. Kelley*, No. CIV-15-1089-D, 2015 WL 7779701, at *3 (W.D. Okla. Dec. 2, 2015) (noting that § 7201 does not permit a private right of action); *Gipson v. Deutsche Bank Nat. Trust Co.*, No. 13-cv-4820-L, 2015 WL 11120538, at *20 (N.D. Tex. Oct. 27, 2015) (same); *McRae v. Norton*, No. 12-cv-1537, 2012 WL 1268295, at *4 (E.D.N.Y. Apr. 13, 2012) (concluding that that no private right of action exists under § 7201)); *see also Karupaiyan v. Wipro*, No. 23-2005, 2023 WL 4896672, at *3 (D.N.J. July 21, 2023) (finding that "Sections 7201, 7203, and 7206 of the Internal Revenue Code also do not grant a private right of action. Private civil actions for recovery of taxes are not permitted without special authorization from the Executive Branch[.]") (citations omitted); *Anderson v. Pollard*, No. 18-cv-00582, 2019 WL 10813621, at *3

(N.D. Okla. Apr. 8, 2019) (finding that tax evasion is a federal crime against the United States and does not provide a private cause of action), *aff'd*, 775 Fed. Appx. 967 (10th Cir. 2019).

As for the Securities Exchange Act, Abram cites erroneously to 15 U.S.C. §§ 780, 781, *see* Compl. at 2, as those provisions of the United States Code govern the right to petition the Administrator of the Federal Energy Administration for redress, and the Administrator's obligations in drafting and reporting a comprehensive energy plan to Congress and the President. Abram's allegations bear no connection to these statutes.  While profoundly unclear, *see Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (per curiam) ("[t]he mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts," rather, a federal question "must affirmatively appear clearly and distinctly.") (cleaned up) (quoting *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990) (per curiam)); *see also Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194 (D.C. Cir. 1983) ("While . . . a *pro se* litigant must of course be given fair and equal treatment, he cannot generally be permitted to shift the burden of litigating his case to the courts[.]"), it appears that Abram perhaps intended to cite to 15 U.S.C. §§ 78o ("Section 15") and § 78l ("Section 12"), which memorialize requirements regarding the registration and regulation of brokers, dealers, and securities.

Generously assuming *arguendo* that Abram intended to cite to Sections 12 and 15 of the Exchange Act, his allegations do not set forth which subsections, if any, were allegedly violated, making it impossible for the United States to defend this case, or for this Court to perceive a cognizable claim. *See Gervais v. Amer. Exp. Centurion Bank*, No. 10-cv-1712, 2010 WL 4929077, at *1 (S.D. Cal. Nov. 30, 2012) (dismissing with prejudice Exchange Act claims that were "chockablock with vague and conclusory allegations" for failure to state a claim) (citing *Sheldon v. Vermonty*, 246 F.3d 682, 2000 WL 1774038, at *5 (10th Cir. Dec. 4, 2000) ("The Complaint

does not provide sufficient allegations to demonstrate which of these provisions [of the Exchange Act], if any, apply to any of the defendants.")).  Furthermore, as presented, Abram has neither established his standing to bring such an action, nor met the heightened pleading requirement for fraud-related Exchange Act claims.  *See Brittain v. Alcitepe*, 934 F. Supp. 2d 119, 126–27 (D.D.C. 2013).

Abram concludes with a citation to 28 U.S.C. § 2401, *see* Compl. at 4, which sets forth statutes of limitations applicable to claims brought against the United States.  Section 2401 does not, in and of itself, provide a means to set forth a claim, nor does it provide its own basis for federal jurisdiction.  *See generally* 28 U.S.C. § 2401.  Therefore, Abram has failed to plausibly cite to any authority under which he may bring his claims.

Third, Abram alleges that the United States owes him money derived from a securities contract purportedly taken in his name.  *See* Compl. at 2–4.  Although Congress limitedly waived sovereign immunity with regard to "any claim against the United States . . . upon any express or implied contract with the United States[,]" 28 U.S.C. § 1491(a)(1), "the Tucker Act states that '[t]he United States *Court of Federal Claims* shall have jurisdiction to render judgment upon any [such] claim[,]'" *Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 127 (D.D.C. 2016) (quoting 28 U.S.C. § 1491(a)(1)) (emphasis in original).  "If a claimant does not limit the damages sought to an amount at or below $10,000, then the jurisdiction of the Court of Federal Claims is exclusive." *Id.* (citing *Greenhill v. Spellings*, 482 F.3d 569, 573 (D.C. Cir. 2007) ("If [Plaintiff] explicitly or in essence seeks money damages in excess of $10,000, jurisdiction rests exclusively with the Court of Federal Claims.")); *see also* 28 U.S.C. § 1346(a)(2) (stating that the United States district courts exercise concurrent jurisdiction over "[a]ny . . . claim against the United States, not exceeding $10,000 in

amount, founded . . . upon any express or implied contract with the United States."). Here, Abram seeks $48 million, *see* Compl. at 4, well beyond the $10,000 jurisdictional limit.

Fourth, in the Complaint's introduction, Abram makes passing reference to an "Administrative Tort Claim[,]" *see* Compl. at 1, but then fails to further elaborate. It is unclear if Abram intended to invoke the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 *et seq.*, but the Court notes that the FTCA limitedly waives the United States' immunity as to certain common law torts, *see id*. §§ 1346(b)(1), 2679(b). Notably, however, "[a]lthough the FTCA generally waives the government's sovereign immunity, there are several exceptions[,]" *Williams v. Wilkie*, 320 F. Supp. 3d 191, 198 (D.D.C. 2018), *appeal dismissed*, No. 18-5272, 2019 WL 1150043 (D.C. Cir. Jan. 9, 2019), more than one of which apply to Abram's claims. More specifically, the FTCA does not waive the sovereign immunity of United States for constitutional claims. *See FDIC v. Meyer*, 510 U.S. 471, 477–78 (1994); *Clark v. Lib. Of Congress*, 750 F.2d 89, 102–04 (D.C. Cir. 1984); *see also* 28 U.S.C. §§ 1346(b)(1), 2679(b). Additionally, the FTCA expressly "exempts fraud and misrepresentation from the general waiver of sovereign immunity[,]" *Maxberry v. Dep't of the Army, Bd. of Correction of Military Records*, 952 F. Supp. 2d 48, 52 (D.D.C. 2013) (citing 28 U.S.C. § 2680(h); *Stoyanov v. Winter*, 643 F. Supp. 2d 4, 10–11 (D.D.C. 2009)), as well as claims arising out of alleged ". . . abuse of process, . . . deceit, or interference with contract rights[,]" and other similar intentional torts, *see Williams*, 320 F. Supp. 3d at 198 (quoting 28 U.S.C. § 2680(h)) (internal quotation marks omitted). Accordingly, to whatever extent Abram intended to raise an FTCA claim, it cannot survive dismissal.

Fifth, Abram asks this Court to intervene and take specific actions on his behalf in *Abram*, No. 04-cr-00090-LC-MD-1. However, this Court lacks subject matter jurisdiction to review the decisions of other federal courts, to interfere with their cases or administrative matters, or to direct

them to act. *See In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam), *cert. denied sub nom. Marin v. Suter*, 506 U.S. 844 (1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) (finding it "axiomatic" that a federal court may order judges or officers of another federal court "to take an action."), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. July 27, 1994), *cert. denied*, 513 U.S. 1150 (1995).

Finally, to that same end, Abram challenges his previous criminal proceedings, and asks this Court to, in essence, vacate his criminal conviction and sentence, *see* Compl. at 2, 4, but once again, this Court lacks the authority to grant the relief sought.  To the extent that a remedy is available to Abram, his claims must be addressed with the sentencing court through a petition for writ of habeas corpus.  *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (per curiam); *Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997).  Section 2255 provides that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  Given these clear jurisdictional parameters, Abram must file for such relief in the Northern District of Florida.  *See id*.

For all of these reasons, the Complaint, and this case, are dismissed without prejudice.  A separate Order accompanies this Memorandum Opinion.

Date:   December 26, 2023                             _____/s/_____
                                                                            RUDOLPH CONTRERAS
                                                                            United States District Judge